IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
KAY MERCER,                          )
                                     )
         Plaintiff,                  )
                                     )
    v.                               )   1:12CV1024
                                     )
CAROLYN W. COLVIN, Acting            )
Commissioner of Social               )
Security,¹                           )
ERIC H. HOLDER, JR.,                 )
U.S. DEPARTMENT OF JUSTICE,          )
and ATTORNEY ROY COOPER,             )
DEPARTMENT OF JUSTICE,               )
                                     )
         Defendants.                 )
```

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

Pro se Plaintiff Kay Mercer brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)), to obtain judicial review of the decision of Defendant Commissioner of Social Security (the "Commissioner"), denying Plaintiff's claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"). (Complaint ("Compl.") (Doc. 1).) Defendant Roy Cooper ("Cooper") filed a

―――――――――――――――
¹ Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Motion to Dismiss himself as a Defendant pursuant to Rules 12(b)(6) and 17(a) of the Federal Rules of Civil Procedure (Doc. 12), and the Commissioner filed a Motion to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction (Doc. 15).[2]  Plaintiff has not responded to either motion despite notice from the Clerk of Court pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) (see Doc. 17; Docs. dated Feb. 22, 2013, to present).[3]  For the reasons that follow, the court will grant the Commissioner's Motion to Dismiss Plaintiff's Complaint and, accordingly, will dismiss Cooper's Motion to Dismiss as moot.

## PROCEDURAL BACKGROUND

Plaintiff initially applied for DIB on November 9, 2007. (Commn'r Mem. in Supp. of Mot. to Dismiss, Declaration of Paul Halse, Ex. A-1 (Doc. 16-1) ¶ 3(a).)  That application was denied at the initial level on March 3, 2008, and Plaintiff apparently did not pursue that application further.  (Id.)  On August 28, 2008,

---

[2] Although the Commissioner's motion and supporting memorandum do not specify the specific authority or rule under which she moves to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction, the court will proceed under the assumption that the motion was made pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

[3] Because Plaintiff "fail[ed] to file a . . . response within the time specified in this [court's Local Rule 7.3(f)] . . . the pending motion may be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." LR7.3(k).  In this case, however, the court exercises its discretion to review the merits of the Commissioner's Motion to Dismiss.

Plaintiff filed a second application for DIB along with a contemporaneous claim for Supplemental Security Income ("SSI") under Title XVI of the Act. (Id.) The second DIB claim was denied initially on November 26, 2008, on grounds of res judicata due to the denial of Plaintiff's first DIB claim,[4] and Plaintiff did not seek reconsideration of her second DIB claim. (Id.; see also Doc. 16-2 and Compl. (Doc. 1) ¶ 3.) Plaintiff did seek reconsideration of her SSI claim, and that request was denied on January 20, 2010. (Doc. 16-1, ¶ 3(b).) Plaintiff then requested a hearing on her SSI claim before an administrative law judge ("ALJ"). (Id.; see also Doc. 16-3.) While Plaintiff's request for a hearing was pending, an Attorney Advisor issued a fully favorable decision regarding Plaintiff's SSI claim on May 13, 2010, but found no basis to reopen Plaintiff's DIB claim. (Doc. 16-1, ¶ 3(c).) The decision advised Plaintiff that her request for a hearing would be dismissed if she did not "request[] that the hearing proceed" within 30 days. (Id.; see also Doc. 16-4 at 4.) Plaintiff apparently did not submit any request to proceed to hearing within the 30-day time period, and an

---

[4] Plaintiff's date last insured for DIB was June 30, 2006. (See Doc. 16-2, Box 11.) Because this was the last date on which she could establish her eligibility for DIB, the denial of her first DIB claim covered the period up to June 30, 2006, and her second claim for DIB (as well as any subsequent claim for DIB unless Plaintiff returned to work and earned additional quarters of coverage) covered the same period. (See id., Box 19.)

ALJ entered an Order of Dismissal of her request for a hearing on July 12, 2010.  (Doc. 16-4 at 4.)

On July 22, 2010, Plaintiff submitted a request for review of the ALJ's Order of Dismissal to the Appeals Council (Doc. 16-5), which the Appeals Council denied on May 15, 2012 (Doc. 16-6; see also Compl. (Doc. 1) ¶ 2).  After securing an extension of time from the Appeals Council (Doc. 1-1 at 2), Plaintiff, proceeding pro se, initiated the instant action in the United States District Court for the Eastern District of North Carolina on August 21, 2012. (Compl. (Doc. 1).)  Because Plaintiff resided in Pender County, which is located within the Middle District of North Carolina, the Clerk of the Eastern District transferred Plaintiff's case to this court on August 29, 2012.  (Doc. 5.)  In her Complaint, Plaintiff asks "[t]hat [her] claim be reopened so that [she] may be entitled to [DIB] beginning [in] 2006[,] the year [her] disability began."  (Compl. (Doc. 1) ¶ 8.)

**STANDARD OF REVIEW**

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the plaintiff bears the burden of proving that federal jurisdiction exists when challenged by a defendant.  See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).  "Such a motion may attack the existence of subject matter jurisdiction in fact,

apart from the complaint." Cape Fear River Watch, Inc. v. Duke Energy Progress, Inc., No. 7:13-CV-200-FL, 2014 WL 2573052, at *5 (E.D.N.C. 2014) (citing Adams, 697 F.2d at 1219). In that instance, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The standard of review, however, is the same as with a motion for summary judgment. Thus, "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. (internal citations omitted).

## **DISCUSSION**

The Commissioner moves to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction on two grounds: (1) to the extent the Complaint appeals the initial denial of Plaintiff's second DIB claim, Plaintiff has failed to exhaust her administrative remedies because she did not request reconsideration after the initial denial of the claim; and (2) alternatively, if the Complaint is read to contest the Commissioner's decision not to reopen her DIB claim, the court does not have jurisdiction to review such a claim,

citing Califano v. Sanders, 430 U.S. 99, 107-08 (1977).  The Commissioner's arguments have merit.

Construed to appeal the initial denial of Plaintiff's second DIB claim, the Complaint fails to vest the court with subject matter jurisdiction due to Plaintiff's failure to exhaust her administrative remedies.  The Social Security Administration has established a four-step administrative review process that, when fully completed, results in a "final decision" of the Commissioner.  The four steps include the following:

(1) Initial determination;

(2) Reconsideration;

(3) Hearing before an ALJ; and

(4) Appeals Council review.

20 C.F.R. § 404.900(a)(1)-(4).  Exhaustion of administrative remedies is a prerequisite to judicial review. 20 C.F.R. § 404.900(a)(5).  In support of her Motion to Dismiss, the Commissioner has proffered competent evidence in the form of a Declaration, under penalty of perjury, from Paul Halse, the Acting Chief of Court Case Preparation and Review with the Social Security Administration's Office of Disability Adjudication and Review. (Docs. 16-1 through 16-6.)  According to Halse, following initial denial of Plaintiff's second DIB claim and SSI claim, Plaintiff sought reconsideration only of her SSI claim.   (Doc. 16-1, ¶ 3(b).)

As noted above, Plaintiff has not responded to the Commissioner's Motion to Dismiss and supporting materials and, thus, has not rebutted the Commissioner's showing that she failed to exhaust her administrative remedies. "It is well settled in the Fourth Circuit that a failure to exhaust all administrative appeal remedies in a Social Security disability claim results in no final decision by the Commissioner and 'thus no jurisdiction for judicial review of the merits of [the claimant's] disability claim . . . '." Blair ex rel. I.L.B. v. Astrue, Civil Action No. 8:11-2099-RMG, 2012 WL 1019334, at *1 (D.S.C. Mar. 26, 2012) (unpublished) (citing Adams v. Heckler, 799 F.2d 131, 133 (4th Cir. 1986)). Accordingly, Plaintiff's failure to request reconsideration following initial denial of her DIB claim divests this court of subject matter jurisdiction over her Complaint.

Alternatively, if the court construes Plaintiff's Complaint as a request to reopen her second claim for DIB, the court still lacks subject matter jurisdiction to review such a claim. The United States Supreme Court has held that neither Section 10 of the Administrative Procedures Act, 5 U.S.C. §§ 701-704, nor Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), grant federal courts subject matter jurisdiction to review the Commissioner's

decision not to reopen a claim for Social Security benefits. Califano, 430 U.S. at 107-09.[5]

In sum, whether the Complaint is read as an appeal of the initial denial of Plaintiff's DIB claim or a challenge to the Commissioner's decision not to reopen the claim, the court lacks subject matter jurisdiction over the Complaint.

## **CONCLUSION**

**IT IS THEREFORE ORDERED** that the Commissioner's Motion to Dismiss (Doc. 15) is **GRANTED**, that Defendant Cooper's Motion to Dismiss (Doc. 12) is **DISMISSED** as moot, and that this action is **DISMISSED** with prejudice. A judgment dismissing this action will be entered contemporaneously with this Memorandum Opinion and Order.

This the 11th day of July, 2014.

                                  /s/ William L. Osteen, Jr.
                                  United States District Judge

---

[5] Plaintiff has not challenged on any constitutional grounds the Commissioner's decision not to reopen her DIB claim, which might have permitted the court to review her claim under the federal question jurisdiction provided by 28 U.S.C. § 1331. See Califano, 430 U.S. at 109 (citing Weinberger v. Salfi, 422 U.S. 749 (1975) and Matthews v. Eldridge, 424 U.S. 319 (1976)).